UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
BORUCH LOWENBEIN
on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

      -against-


PROFESSIONAL CLAIMS BUREAU, INC.

                        Defendant.

-----------------------------------------------------------

# CLASS ACTION COMPLAINT

## *Introduction*

1. Plaintiff Boruch Lowenbein seeks redress for the illegal practices of Professional Claims Bureau, Inc., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

## *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Hicksville, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Boruch Lowenbein*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about April 12, 2019, Defendant mailed Plaintiff a letter in an attempt to collect on a debt purportedly owed to Maimonides Medical Center ("Maimonides").

11. The Plaintiff had visited Maimonides on or about July 22, 2018 and had informed the hospital that he had no way of paying for any medical services and did not possess medical insurance.

12. The Plaintiff was then informed by Maimonides that all amounts owed would be covered by a charity associated with Maimonides.

13. The balance that the Defendant was seeking to collect was non-existent; the Defendant made the Plaintiff believe that he in fact owed such an amount to Maimonides when it was not the case.[1]

14. The Defendant deceptively engaged in the collection of an invalid debt purportedly owed by the Plaintiff.

---

[1] Vangorden v. Second Round, L.P., 897 F.3d 433 (2d Cir. 2018). Consumer stated a claim under §§ 1692e(2), 1692e(10), and 1692f(1) when she alleged that a collection letter falsely stated that she owed a debt and then requested payment on the alleged debt. Rejecting an argument by the collector that § 1692g shielded it from liability, the Second Circuit held that "nothing in the text of the FDCPA suggests that a debtor's ability to state a § 1692e or § 1692f claim is dependent upon the debtor first disputing the validity of the debt in accordance with § 1692g." Finally, the court concluded that a letter misstating "the very existence" of a debt can mislead the least sophisticated consumer regardless of the intent of the collector.

15. Section 1692e of the FDCPA states:

    "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of --

    (A) the character, amount, or legal status of any debt."

16. Section 1692(f) of the FDCPA states:

    "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

17. The Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[2]

18. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

19. The Plaintiff has received the initial communication from the Defendant in the form of a collection letter dated February 9, 2019.

---

[2] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013). ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent.), See also Goldman v. Cohen, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006). (concluding that analysis in *Stonehart* contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A)."), Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt."))

20. Shortly after receiving the February 9, 2019 initial letter, Plaintiff mailed out to the Defendant, a letter of dispute on or about March 4, 2019 explaining, as alleged above, that he had been informed by the hospital at the time of the July 22, 2018 visit, that he would not owe any balance and that any such balance would be covered by a charity associated with Maimonides.

21. Defendant however, did not send any verification of debt in response to the Plaintiff's mailed dispute and instead, continued its collection attempts against the Plaintiff.

22. Section 1692g of the FDCPA states:

> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

23. Upon information and belief, Defendant as a matter of procedural practice and pattern never intend to follow through with the validation rights it purportedly provides in the initial communication.

24. Defendant violated 15 U.S.C. § 1692g(b) of the FDCPA for failing to obtain verification of the debt and providing it to the Plaintiff.

25. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

26. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

27. Defendant violated the Plaintiff's right not to be the target of misleading debt collection

communications.

28. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

29. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

30. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

31. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

32. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

33. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

34. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty three (33) as if set forth fully in this cause of action.

35. This cause of action is brought on behalf of Plaintiff and the members of two classes.

36. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 12, 2019; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Maimonides; and (b) the collection letter was returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

37. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff; and (a) the collection letters were sent to a consumer seeking payment of a personal debt purportedly owed to Maimonides; and (b) the collection letters were returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. § 1692g(b) for failing to obtain verification of the debt and providing it to the Plaintiff.

38. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

       principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

39. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

40. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

41. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

42. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

43. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
August 2, 2019

      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)



| Balance Due | $2,118.05 | Creditor: MAIMONIDES MEDICAL CENTER |
| --- | --- | --- |
| PCB # | 0014679317 | Patient Name: BARUCH LOWENBEIN |
| Client Acct # | 1808081533 | Service Date: 07/22/18 |

**PROFESSIONAL CLAIMS BUREAU, INC.**
NYC Dept of Consumer Affairs License #0811196
"Se Habla Espanol"

E-Mail: info@pcbinc.org

Phone: 516-681-1122 or 914-668-1222
Fax: 516-681-1265
Office Hours: Mon - Fri 8:30am - 5pm

Pay Online 24/7/365
www.paypcb.com



DO NOT CONTINUE TO LEAVE THIS DEBT UNRESOLVED

Your continued non-payment on the above reference account has prevented us from helping you to clear this account from our records.

Do not delay payment on this seriously delinquent account any longer:

- Call our offices to resolve this account with one of our collectors.
- Resolve your bill on our website www.paypcb.com
- Mail your check, money order or credit card information along with the payment stub below to close out this account.

It is our hope that you choose to close out this account in a timely manner.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collection agency.

Professional Claims Bureau, Inc.
"Debt Collectors Since 1964"
ACA   A/C REP: L MARCUS EXT 8228

---

To ensure proper credit to your account, detach this section and return with your payment. Please keep above portion for your records.    625874A (PC2)

| Account #: 1808081533 | Statement Date: 04/12/2019 | Due Date: 4/22/2019 |
| --- | --- | --- |
| Patient Name: BARUCH LOWENBEIN | Balance Due: | $2,118.05 |

PO BOX 9060
HICKSVILLE, NY 11802-9060

RETURN SERVICE REQUESTED

☐ Please check box if address below is incorrect or insurance information has changed, and indicate change(s) on reverse side.

Please note your credit card statement will reflect a charge from Professional Claims Bureau, Inc.

We accept: 

Amount Paid _____

card number _____   expiration date _____

signature _____   cvv code _____

print name _____

☐ Health/Flex Spending Account

004436
0101

BARUCH LOWENBEIN

0014679317
PROFESSIONAL CLAIMS BUREAU, INC.
PO BOX 9060
HICKSVILLE, NY 11802-9060

503

4452-PCBSTM-4090022-2826503681-P; 19472767-1-2425; 30584106-1; 1

March 4, 2019

TO PCB:

My name is Boruch Lowenbien. I received a letter from your company that was dated February 9th 2019 regarding an amount owed to Maimonides.

When I was in the hospital last year, I told Maimonides that I would not be able to fund my visit and I also did not have medical insurance. Maimonides reassured me that I would not owe any balance and that anything I may be charged would be covered by a charity connected with Maimonides.

I therefore do not agree with this account.

Boruch Lowenbien